An application for an order requiring security for costs, if made under Code Civ. Proc. § 3271, and consequently addressed to the discretion of the court, must be made upon notice.

Appeal from special term.

Action by Sarah Kamerman, bv her guardian ad litem, against Eisner & Mendelson Company.　From an order vacating an order directing plaintiff to file security for costs, defendant appeals.　Affirmed.

Argued before SCHUCHMAN and O'DWYER, JJ.

F. V. Johnson, for appellant.

Langbein Bros. & Langbein, for respondent.

SCHUCHMAN, J.　The order directing the plaintiff to file security for costs was made ex parte.　This was irregular.　The irregularity is specified in subdivision 6 of the moving papers.　The order was therefore properly vacated.　Under section 3268 of the Code, the defendant, as an absolute right, may require the plaintiff to file security for costs, and, under section 3272, the court must, in that case, make the order, and can make it ex parte.　When, however, the application is made under section 3271, which reads: "In an action brought by * * * a person expressly authorized by statute to sue, * * * the court may, in its discretion, require the plaintiff to give security for costs,"—then it must be made, on notice of motion, to the court.　The plaintiff herein is a person expressly authorized by statute to sue (section 468), and this case falls, therefore, within section ?271.　Wood v. Blodgett, 49 Hun, 64, 2 N. Y. Supp. 304; Swift v. Wheeler, 46 Hun, 580; Healy v. Railroad Co., 1 Civ. Proc. R. 15; Ryan v. Potter, 4 Civ. Proc. R. 80.　Order appealed from affirmed, with $10 costs and disbursements.

O'DWYER, J., concurs.

---

(22 Misc. Rep. 513.)

### WILLIAMS v. WEBB.

(City Court of New York, General Term.　February 7, 1898.)

PASSENGER IN SLEEPING CAR—LOSS OF MONEY.

A passenger traveling in a sleeping car cannot hold the company liable for the loss, in his berth, of a sum of money which he is carrying with him, and which is in excess of such reasonable sum as a man might properly and usually carry on his person for traveling expenses, the reasonableness of such sum depending upon the circumstances,—such as his position and condition in life, his responsibility to others traveling under his care, the distance traveled, etc.

Appeal from special term.

Action by Ernest Williams against William Seward Webb, as president of the Wagner Car Company. Judgment for plaintiff. Defendant appeals. Reversed.

Argued before FITZSIMONS, P. J., and McCARTHY and O'DWYER, JJ.

Saunders, Webb & Worcester, for appellant.

Thomas C. Campbell, for respondent.

FITZSIMONS, P. J. The judgment must be reversed, and the complaint dismissed. The plaintiff's own testimony shows that at Detroit he hired one of the defendant's sleeping berths to this city, and thus became a passenger; that he had sufficient money in his purse to pay for his meals and other expenses that he might make coming down the road; and that, in addition, he had $1,250 in cash in a fob pocket in his pantaloons, the latter fund being the result of certain collections and the balance of a bank account collected a short time before, which fund he did not intend to use or meddle with, except to deposit it in a bank in Boston when he got there. This $1,250 he lost in the sleeping berth between Buffalo and here, and he claims that such loss was due to the defendant's negligence, brought action, and recovered the amount from the jury.

I think that the rule of law applicable to this case is just, full, and broad, and that there is nothing technical, harsh, or arbitrary about it, and I think may be safely and briefly stated to be: "A plaintiff can only recover in actions of this character such reasonable sum as a man might properly and usually carry on his person for traveling expenses, the reasonableness of such sum of course depending upon surrounding circumstances, such as his position and condition in life, his responsibility to others traveling under his care, distance traveled," etc. In this case the plaintiff had determined how much his expenses to this city should cost him, which he certainly had a right to do. That he was not stingy with himself was apparent because he had at least five dollars left over out of the fund set apart for himself after he reached the city. It is therefore very apparent that the $1,250 was not necessary for his traveling expenses; that he never deemed it so; that he did not carry it with him on his person for any such purpose; that the only reason he did so carry it was that he might deposit it in bank in Boston when he arrived there. It appears that he desired to act as his own banker or safe-deposit company, and in so doing he assumed all risk of that capacity, but cannot charge defendant with damage caused by the loss in question, unless the responsibility of the custody of said fund was assumed by it, which is not claimed here.

For the reason that said $1,250 was not a necessary or reasonable part of plaintiff's traveling expenses from Detroit to this city, the defendant's motion to dismiss the complaint should have been granted, and the judgment must be reversed, and complaint dismissed, with costs to the appellant. All concur.